FI. FA. to May term, 1843. Real debt $300, with interest from March 8, 1839. This writ was issued and delivered to the sheriff on the 23d of January, 1843; and levied January 26th. The goods of defendant were sold on the 23d of March, 1813, for $230 61, which the sheriff brought into court. Between the 23d and 20th of January, a distress for rent was levied on the goods for one year's rent, due the 25th of March preceding; and a part of the goods were sold, sufficient to satisfy the rent of 1841-2; after which the sheriff sold the residue of the goods. The proceeds were claimed by John Niven, guardian of Margaret Thomas, as rent of the premises for 1842, due the 25th of March, 1843; and also by the plaintiff in the above execution.
Gray, for the landlord. — The matter depends on the construction of the tenth section of the landlord and tenant's act. (Dig. 366.) If the landlord have destrained for rent beforethe taking of the goods under execution process, it will not prevent him from claiming the accruing year's rent out of the proceeds of sale. In the case of Shuster vs. Robinson, (ante
50,) the court held the "taking" of goods to mean an actual levy, and not a mere lodging of the writ in the sheriff's hands.
Wm. H. Rogers. — The decision in Shuster vs.Robinson, was simply that the term taken as used in the tenth section of the landlord and tenant act meant an actual levy, and not a mere delivery of the execution to the sheriff. But this construction was only in reference to one year's rent: whereas, the attempt here is to get two years' rent out of the same goods, though levied on by execution process. The whole act must be taken together, and there cannot arise any case under it in which more than one year's rent is preferred to the execution creditor. The policy of the whole law is against preferring the landlord for any thing more. As the landlord may issue his distress and get a preference, the law gives him the same preference. But he could only get a distress for rent in arrear, and the act gives him a preference either for rent arrear or for rent accruing, provided only one year be claimed. The old law compelled *Page 540 
him to take the year's rent already due. (4 Del. Laws 264.) The concluding part of section ten provides that no advantage shall be gained by a sale under the distress, before sale under the execution. In neither case can there be a preference for more than one year. The last clause of the first paragraph of that section merely means that the landlord shall not, by a prior distress, be precluded from his choice between the rent accruing due and already due. All the laws of the State from the earliest period, show a preference only for one year's rent.
Gray. — Wherever rent is due to a landlord for a preceding year, and he distrains on the goods before the goods are taken in execution, he has a right to complete his distress by levying the money, without any regard to the execution; his lien being paramount to the execution. And if the residue of the goods be sold by the execution creditor, the landlord has still his preference for the year's rent accruing due. The proviso of the tenth section is nugatory if it was not designed to protect one year's rent, though there be no distress for the rent, and to give the landlord the choice of either; but if the landlord, before the execution levied, had levied a distress, this remedy was not impaired or effected by a subsequent levy, nor will he be deprived of his full year's rent out of a sale under such execution.
The Court decided that the landlord was entitled to the money; and on motion of Mr. Gray, ordered it to be paid out to him.